UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JUANA PASCUAL MIGUEL | CIVIL ACTION NO. 26-0910 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| KRISTI NOEM, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

## REPORT AND RECOMMENDATION

Petitioner Juana Pascual Miguel,[1] a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[2]  Respondents oppose the petition. For reasons that follow, the Court should grant habeas corpus relief.

## Background

Petitioner is a citizen of Guatemala.  [doc. # 1, p. 1].  "On or about April 3, 2018, Petitioner applied for admission to the United States at or near the Brownsville, Texas port of entry."  *Id.* at 13.

On April 4, 2018, DHS paroled Petitioner into the United States.  [doc. #s 1, p. 2; 1-2]. She has complied with all her appointments.  [doc. # 1, p. 2].  "She established substantial family

---

[1] Petitioner's "A Number" is 200-968-794.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

and community ties in the United States and continued caring for her children, all of whom are United States citizens." *Id.* at 13-14.

Petitioner's parole expired on April 3, 2019.  [doc. # 1-2].

"On October 15, 2019, Petitioner filed a Form I-918, Petition for U Nonimmigrant Status, with USCIS." [doc. # 1, p. 14].  She "received a bona fide determination and deferred action until October 14, 2028 . . . ." [doc. #s 1, pp. 2, 14; 1-4, p. 1].

Petitioner obtained employment authorization, which began on October 15, 2024, and expires on October 14, 2028.  [doc. # 1-5].

On October 8, 2025, ICE re-detained Petitioner "at a routine check-in appointment after over seven years of living peacefully in the community and complying with immigration requirements." [doc. # 1, p. 1].  ICE re-detained her "notwithstanding her previous grant of humanitarian parole, her deferred action, her positive bona fide determination, her lack of criminal history, and her prima facie eligibility for collateral relief before USCIS." *Id.* at 15.  "Petitioner is the mother of four United States citizen children[,]" and she has no criminal history.  *Id.*

Petitioner filed this proceeding on March 23, 2026.  She first claims that her detention without bond violates 8 U.S.C. § 1226(a).  [doc. # 1, p. 16].

Next, Petitioner claims that the Government violated her right to procedural due process by re-arresting her without providing any "individualized process." [doc. # 1, pp. 2, 18].

Petitioner next claims that her detention is prolonged and therefore violates her right to substantive due process.  [doc. # 1, p. 21].

Finally, Petitioner claims that her detention is unlawful during her period of deferred action.  [doc. # 1, p. 26].

On April 17, 2026, an immigration judge ordered Petitioner removed to Guatemala. [doc. # 8-2, p. 1]. Petitioner appealed the removal order to the Board of Immigration Appeals. [doc. # 8, p. 6].

Respondents opposed the petition on May 7, 2026. [doc. # 8]. Petitioner filed a reply on May 14, 2026. [doc. # 9].

### Law and Analysis

Petitioner argues that her "unrevoked grant of deferred action forbids her removal and forecloses her continued detention." [doc. # 9, p. 2].

In *Guerra Leon v. Noem*, No. 3:25-CV-01495 SEC P, 2025 WL 4113562, at *1 (W.D. La. Oct. 30, 2025) (internal footnotes omitted), District Judge Terry A. Doughty opined:

> Petitioner is likely to succeed on the merits of his habeas claim due to his deferred action status which remains in effect until December 9, 2026. Petitioner argues that his valid grant of deferred action precludes his removal. Respondents argue that deferred action does not provide lawful status and ICE is still within its statutory authority to execute final orders of removal regardless of whether the term of deferred action has expired.
>
> The Respondents fail to cite any authority that allow the removal of Petitioner when deferred action status is still in effect. Instead, they focus on a case like *Cortez-Amador v. Att'y Gen.*, 66 F.4th 429, 433 (3d Cir. 2023), which focuses solely on the SIJS given to Cortez-Amador who then was sentenced to prison for sexually assaulting a minor. The *Coretez-Amador* court held that SIJS is not an exemption from removal as a noncitizen' SIJS status did not prevent him from being removed due to his criminal history. *Id.* at 431.
>
> Here however, the SIJS status is not what prevents the removability of the Petitioner. The operative factor precluding removal is his deferred action that remains in effect until December 9, 2026. USCIS's most recent policy, despite other changes, states that "aliens with current deferred action based on their SIJ classification will generally retain this deferred action, as well as retain their current employment authorization provided based on this deferred action, until current validity periods expire." USCIS, *Policy Alert PA-2025-07* (June 6, 2025), https://www.uscis.gov/sites/default/files/document/policy-manual-updates/20250606-SIJDeferredAction.pdf.; *Primero v. Mattivelo*, No. 25-cv-11442, 2025 WL 1899115, at *5 (D. Mass. July 9, 2025). In *Primero*, the petitioner was brought to the United States by his father as a minor in

3

2018. *Id.* at *2. He was arrested alongside his father and a final order of removal was issued *in abstentia* in 2021, but then in September of 2022, he was granted deferred action status that was valid for four years, unless terminated earlier by USCIS. *Id.* The *Primero* court determined that petitioner's valid grant of deferred action precluded his removal. *Id.* at *4 ("Respondents do not suggest that ICE routinely removes individuals with active grants of deferred action from the United States").

This case has the same factual scenario as *Primero.* Just like in *Primero*, here Petitioner has a valid grant of deferred action status which has not been terminated early by USCIS and remains effective until December 9, 2026. Petitioner may still be subject to removal in the future if his deferred action status is terminated before its expiration or if it expires and is not renewed. Respondents, however, have not terminated or sought to terminate Petitioner's deferred action status. This makes Petitioner non-removable while his deferred action status remains in effect.

. . . .

This Court holds that without terminating Petitioner's deferred action status, Petitioner cannot be removed.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 4] is **GRANTED**. Respondents are to release Petitioner from custody immediately.

*See also Benitez-Umanzor v. Jackson Par. Corr. Ctr.*, No. CV 26-0940, 2026 WL 948795, at *2 (W.D. La. Apr. 8, 2026) (Van Hook, J.) ("Benetiz-Umanzor is likely to succeed on the merits of his habeas claim because a noncitizen with deferred action status has a liberty interest protected under the Due Process Clause. Other district courts that have considered this issue have overwhelmingly found the same.") (listing cases).

Here, like in *Guerra Leon*, Petitioner has deferred action status which remains in effect. Respondents do not mention Petitioner's deferred action status in their response. Accordingly, the Court should grant Petitioner's claim and instruct Respondents to release her from custody immediately.

4

<u>**Recommendation**</u>[3]

For the reasons above, **IT IS RECOMMENDED** that Petitioner Juana Pascual Miguel's request for habeas corpus be **GRANTED**.  Respondents, and the warden of South Louisiana ICE Processing Center, shall (A) **immediately release** Petitioner from custody without any bond requirements or new conditions, and (B) notify Petitioner's counsel of the exact location and time of her release no less than two hours before her release.

**IT IS FURTHER RECOMMENDED** that Respondents shall, within **24 hours** after Petitioner's release, file a status report confirming her release.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See***

---

[3] The undersigned finds no need to address any claim or request for relief not addressed herein.

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 19th day of May, 2026.


_____
Kayla Dye McClusky
United States Magistrate Judge